1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   DAVID BENNETT,                          )        No. C 13-3641 LHK (PR)
                                             )
              Petitioner,                    )        ORDER OF DISMISSAL
12                                           )
        vs.                                  )
13                                           )
     GOVERNMENT EMPLOYEE, etc.               )
14                                           )
              Respondents.                   )
15   _____)

16

17        Petitioner, a California state prisoner proceeding *pro se*, seeks a writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.  In the underlying federal petition, petitioner challenged the

19   criminal judgment against him, and conceded that he had not raised any claims in the California

20   Supreme Court.  On October 4, 2013, the court issued an order to petitioner to show cause why

21   the petition should not be dismissed for failure to exhaust state remedies.  On October 16, 2013,

22   petitioner filed a response, conceding that his federal petition challenged the same commitment

23   as that which he had recently been found guilty.  Petitioner also stated that he exhausted his

24   criminal remedies after raising his constitutional issues at trial.  On November 18, 2013,

25   petitioner filed a "Notice of transfer," in which he stated that, on November 4, 2013, petitioner

26   was sentenced to state prison and would soon be transferred.

27        As the court previously advised petitioner, prisoners in state custody who wish to

28   collaterally challenge either the fact or length of their confinement in federal habeas corpus

Order of Dismissal
G:\PRO-SE\LHK\HC.13\Bennett641disexh.wpd

1   proceedings are first required to exhaust state judicial remedies, either on direct appeal or

2   through collateral proceedings, by presenting the highest state court available with a fair

3   opportunity to rule on the merits of each and every claim the prisoners seek to raise in federal

4   court.  28 U.S.C. § 2254(b)-(c).  The exhaustion-of-state-remedies doctrine reflects a policy of

5   federal-state comity to give the state "the initial 'opportunity to pass upon and correct alleged

6   violations of its prisoners' federal rights.'"  *Picard v. Connor*, 404 U.S. 270, 275 (1971)

7   (citations omitted).  The exhaustion requirement is satisfied only if the federal claim has been

8   "fairly presented" to the state courts.  *See id.*; *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th

9   Cir. 2003) (en banc).  The state's highest court must be given an opportunity to rule on the

10  claims even if review is discretionary.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)

11  (petitioner must invoke "one complete round of the State's established appellate review

12  process.").  A federal district court must dismiss a federal habeas petition containing any claim

13  as to which state remedies have not been exhausted.  *See Rhines v. Webber*, 544 U.S. 269, 273

14  (2005).

15      Petitioner has recently been convicted and sentenced.  Petitioner clearly has not yet

16  completed a direct appeal, nor pursued any other state proceeding challenging his criminal

17  conviction.  Thus, it appears that petitioner has not fairly presented his claims in the underlying

18  federal petition of habeas corpus to the highest state court.  Accordingly, the court DISMISSES

19  this action without prejudice for failure to exhaust.

20      The federal rules governing habeas cases brought by state prisoners require a district

21  court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its

22  ruling.  *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  Petitioner has

23  not shown "that jurists of reason would find it debatable whether the petition states a valid claim

24  of the denial of a constitutional right."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

25  Accordingly, a COA is DENIED.

26      IT IS SO ORDERED.

27  DATED: ___12/4/13___                    _Lucy H. Koh_____
                                            LUCY H. KOH
28                                          United States District Judge

Order of Dismissal
G:\PRO-SE\LHK\HC.13\Bennett641disexh.wpd          2